| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** | |
| **Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>Bradford J. Sandler, Esq.<br>Paul J. Labov, Esq.<br>Colin R. Robinson, Esq.<br>PACHULSKI STANG ZIEHL & JONES LLP<br>780 Third Avenue, 34th Floor<br>New York, NY 10017<br>Telephone: (212) 561-7700<br>Facsimile: (212) 561-7777<br>bsandler@pszjlaw.com<br>plabov@pszjlaw.com<br>crobinson@pszjlaw.com<br><br>Peter O. Larsen (*pro hac vice* admission pending)<br>Raye Elliott (*pro hac vice* admission pending)<br>AKERMAN LLP<br>50 North Laura Street, Suite 3100<br>Jacksonville, FL 32202<br>Telephone: (904) 798-3700<br>peter.larsen@akerman.com<br>raye.elliott@akerman.com<br><br>*Counsel to the Plan Administrator* | |
| In re:<br>20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc., *et.al.*,<br>　　　　　Debtors. | Chapter 11<br><br>Case No. 23-13359(VFP)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Plan Administrator for 20230930-DK-BUTTERFLY-1, INC. f/k/a Bed Bath & Beyond, Inc.,<br>　　　　　Plaintiff,<br><br>v.<br><br>FRANCHISE TAX BOARD OF THE STATE OF CALIFORNIA, part of the California Government Operations Agency, an agency of the State of California, and CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION, an agency of the State of California,<br>　　　　　Defendants. | Adversary Proceeding No. _____ |

# **COMPLAINT**

80981552;2

Michael Goldberg, in his capacity as Plan Administrator (the "Plan Administrator" or "Plaintiff") for 20230930-DK-Butterfly-1, Inc.[1] f/k/a Bed Bath and Beyond, Inc.[2] and affiliated debtors (the "Debtors"), by and through undersigned counsel, files this adversary complaint against the Franchise Tax Board of the State of California, part of the California Government Operations Agency, an agency of the State of California (the "Board") and the California Department of Tax and Fee Administration, an agency of the State of California (the "Department" and together with the Board, the "Defendants"), and alleges as follows:

## Nature of the Action

1.  The Plan Administrator brings this action against Defendants for turnover of certain tax overpayments made by the Debtors to the Defendants and for objection to and disallowance of proofs of claim filed in this bankruptcy case by the Defendants.

## The Parties

2.  The Plan Administrator is the sole representative of the Debtors and assumed responsibility for collecting assets of the bankruptcy estate, as more fully set forth in the Debtors' confirmed Chapter 11 Plan as discussed below.

3.  Defendant, the Board, is part of the California Government Operations Agency, an agency of the State of California, and administers and collects state personal income tax and corporate income tax and corporate franchise tax on behalf of the State.

---

[1] Pursuant to the Certificate of Amendment of the Certificate of Incorporation of Bed Bath & Beyond, Inc. which was filed with the State of New York Department of State on September 21, 2023, the name of the entity formerly known as "Bed Bath & Beyond, Inc." was changed to 20230930-DK-Butterfly, Inc.

[2] The last four digits of Debtor Bed Bath & Beyond, Inc.'s tax identification number are 0488. A complete list of the Debtors in these chapter 11 cases and each such Debtor's tax identification number may be obtained on the website of the Debtor's claims and noticing agent at https://restructuring.ra.kroll.com/bbby/.

4. Defendant, the Department, is an agency of the State of California, that is charged with assessing and collecting sales and use taxes, as well as a variety of excise fees and taxes, for the State of California.

### Jurisdiction and Venue

5. The Court has jurisdiction to consider this matter under 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. § 505(a).

6. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

7. Venue of these chapter 11 cases and this adversary proceeding in this district and before this Court is proper under 28 U.S.C. §§ 1408 and 1409.

8. The statutory and legal predicates for relief requested by this Complaint are sections 105, 505, and 542 of title 11, United States Code (the "Bankruptcy Code") and Federal Rules of Bankruptcy Procedure 7001, *et. seq.*

### Factual Background

**A.    General Case Background**

9. On April 23, 2023, (the "Petition Date"), each of the Debtors commenced with this Court voluntary cases under chapter 11 of the Bankruptcy Code. The Debtors continued to operate their businesses and manage their assets as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code until the Effective Date of the Plan (each, as defined below). No trustee or examiner has been appointed in this case.

10. On September 14, 2023 (the "Confirmation Date"), the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving the Disclosure Statement on a Final Basis and (II) Confirming the Second Amended Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and its Debtor Affiliates* [Doc. 2172] (the "Confirmation Order"), confirming the *Second Amended*

*Joint Chapter 11 Plan of Bed Bath & Beyond Inc. and Its Debtor Affiliates* [Doc. 2160] (as amended, the "Plan").

11. On September 29, 2023, the effective date of the Plan occurred (the "Effective Date"). *See* Docket No. 2311. On the Effective Date, the Plan Administrator became the sole representative of the Debtors and assumed responsibility for, *inter alia,* investigating, prosecuting and compromising any and all of the Debtors' claims and causes of action. *See, e.g.,* Plan at Art. IV.F, VII.A.

**B.    Overpayments to the Board**

12. Prior to the commencement of these bankruptcy cases, the Debtors were leading retailers throughout the United States and had stores located in the State of California.

13. Pursuant to California tax statutes, the Debtors paid franchise tax based on their net income to the Board for the privilege of doing business in California.

14. Over the years, the Debtors made the following tax overpayments to the Board: $141,220 for tax year ending February 28, 2013; $106,742 for tax year ending February 25, 2012; $981,833 for tax year ending February 28, 2014; $68,417 for tax year ending February 28, 2015; and $1,468,619 for tax year ending February 28, 2022 (collectively, "Overpayments").

15. The Board is currently holding the Overpayments and owes these debts to the Debtors.

**C.    Schedules and Claims Process**

16. On May 30, 2023, each of the Debtors filed their respective Schedules of Assets and Liabilities and Statement of Financial Affairs [Doc. Nos. 499-568, 570-573] (collectively, and as each may have been amended from time to time, the "Schedules and Statements") in the Chapter 11 Cases.

80981552;2

17. On May 31, 2023, the Court entered the Order (I) Setting Bar Dates for Submitting Proofs of Claim, Including Requests for Payment Under Section 503(B)(9), (II) Establishing Amended Schedules Bar Date, Rejection Damages Bar Date, and Administrative Claims Bar Date, (III) Approving the Form, Manner, and Procedures for Filing Proofs of Claim, (IV) Approving Notice Thereof, and (V) Granting Related Relief [Doc. No. 584] (the "Bar Date Order") establishing certain dates and deadlines for filing proofs of claim (collectively, the "Proofs of Claim") in these Chapter 11 cases.

18. The Bar Date Order established (a) July 7, 2023, as the last date and time for certain creditors other than governmental units to file Proofs of Claim based on prepetition Claims against any Debtor (the "General Claims Bar Date"); (b) October 20, 2023, as the last date and time for each governmental unit to file Proofs of Claim against any Debtor (the "Governmental Bar Date"); (c) the later of (i) the General Claims Bar Date and (ii) any date this Court may fix in the applicable order authorizing rejection of any executory contract or unexpired lease of the Debtors and, if no such date is provided, thirty (30) calendar days from the date of entry of such order, as the deadline by which claimants asserting claims resulting from the Debtors' rejection of an executory contract or unexpired lease must file Proofs of Claim for damages arising from such rejection; and (d) at least thirty (30) calendar days from the date on which the Debtors provided notice of an amendment or supplement to the Schedules, as the deadline for when claimants holding Claims that the filing, amendment, or supplement affected must file Proofs of Claim with respect to such claim.

19. In the ordinary course of business, including subsequent to the Petition Date, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the nature and amount of the liabilities owed to their creditors. The Plan Administrator and his professionals (including the Claims Agent) are in the process of reviewing, comparing, and

80981552;2

reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and its Books and Records. This reconciliation process includes identifying particular Claims and categories of Claims that may be subject to objection.

**D.    The Franchise Tax Claims**

20.    The Board filed Claim 18025 on October 20, 2023 for Debtor BBB in the amount of $4,691,545.27 as a priority claim. Claim 18025 consists of:

- a) a claim for interest of $38,187.53 for the period ending 2/25/2012;
- b) a claim for interest of $182,165.63 for the period ending 2/28/2014;
- c) a claim for tax of $158,793 and interest of $71,463.33 for the period ending 2/28/2015;
- d) a claim for tax of $944,482 and interest of $314,343.13 for the period ending 2/28/2016;
- e) a claim for tax of $666,646 and interest of $169,765.28 for the period ending 2/28/2017;
- f) a claim for tax of $314,940 and interest of $53,822.73 for the period ending 2/28/2018;
- g) a claim for tax of $373,926 and interest of $38,732.23 for the period ending 2/28/2019;
- h) a claim for tax of $253,253 and interest of $26,232.60 for the period ending 2/28/2020;
- i) a claim for tax of $1,023,697 and interest of $65,295.81 for the period ending 2/28/2021; and
- j) a claim for tax of $800 for the period ending 2/28/2024.

21.    The Board also filed Claim 18028 for Debtor Liberty Procurement Co., Inc., Claim 18029 for Debtor Harmon Stores, Inc. ("Harmon"), Claim 18032 for Debtor Buy Buy Baby, Inc. ("Baby"), and Claim 18033 for Debtor BBB Value Services, Inc. for the identical taxes and interest as asserted in Claim 18025 (the "Claim 18025 Duplicate Claims").

22. The Board filed Claim 18024 on October 20, 2023 for Debtor One Kings Lane, LLC ("OKL") in the amount of $836,411.28 which was designated as a priority claim. Claim 18024 consists of:

    a) a claim for tax of $666,646 and interest of $169,765.28 for the period ending 2/28/2017;

    b) a claim for tax of $800 for the period ending 2/28/2024.

23. The Board filed Claim 18031 for Debtor Of a Kind, Inc. for the identical taxes and interest as asserted in Claim 18024 (the "Claim 18024 Duplicate Claim").

24. The Board filed Claim 19420 on February 6, 2024 (which amended a previously filed claim) for Debtor Bed Bath & Beyond of California Limited Liability Company ("BBB CA") in the amount of $30,291.28 of which $25,932.02 was designated as a priority claim. Claim 19420 consists of:

    a) a claim for tax of $11,790, interest of $807.93, and a penalty of $3,124.35 for the period ending 2/28/2021;

    b) a claim for tax of $12,590 and a penalty of $1,179 for the pending ending 2/25/2023; and

    c) a claim for tax of $800 for the period ending 2/25/2024.

25. The Board filed Claim 18022 on October 20, 2023 for Debtor BBBYCF, LLC ("BBBYCF") in the amount of $2,799.91 with $857.60 designated as a priority claim. Claim 18022 consists of:

    a) a claim for interest of $113.51 and penalty of $1,886.40 for the period ending 2/28/2021; and

    b) a claim for tax of $800 for the period ending 2/25/2024.

26. The Board filed Claim 18035 on October 20, 2023 for Debtor Bed 'N Bath Stores, Inc. ("BB Stores") in the amount of $800 which was designated as a priority claim for tax of $800 for the period ending 2/28/2024.

27. The Board filed Claim 18041 for Debtor Decorist, LLC and Claim 18042 for Debtor Bed Bath & Beyond of Palm Desert, Inc. for the identical taxes and interest as asserted in Claim 18035 (the "Claim 18035 Duplicate Claims" and, together with the Claim 18025 Duplicate Claims and the Claim 18024 Duplicate Claim, the "Duplicate Claims").

**E.     The Sales and Use Tax Claims**

28. On July 12, 2023, the Department filed Claim 12739 for Debtor BBBYCF in the amount of $8,684,837.28 which was designated as a priority claim. Claim 12739 consists of sales and use tax of $6,557,223 and interest of $2,127,614.28 for the period of August 1, 2016 through June 30, 2020.

29. On July 5, 2023, the Department filed Claim 13242 for Debtor BB CA in the amount of $1,942,165.10 which was designated as a priority claim. Claim 13242 consists of:

   a)   Interest of $31,265.78 for the period of 10/1/2022 to 12/31/2022; and

   b)   Tax of $1,910,899.32 for the period of 4/1/2023 to 4/22/2023.

30. On August 22, 2023, the Department filed Claim 16482 for Debtor Baby in the amount of $6,276.45 which was designated as a priority claim. Claim 16482 is for tax of $1.00 and interest of $6,275.45 for the period of 10/1/2022 through 12/31/2022.

31. On June 4, 2024, the Department filed Claim 20021, which amended a previously filed claim, for Debtor Harmon in the amount of $56,792.32 of which $200.94 was designated as a priority claim. Claim 20021 is for interest for the period of 10/1/22 to 12/31/22 and sales and use tax and interest for the period of 12/12/2016 to 12/31/18.

**Count I**
**(Objection to Franchise Tax Claims)**

32. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

33. This is an objection to Claims 18025, 18024, 19420, 18022, and 18035 (collectively, the "Franchise Tax Claims") filed by the Board pursuant to 11 U.S.C. § 502(a) and a request for a determination of the franchise tax actually owed to the Board pursuant to 11 U.S.C. § 505.

34. With respect to Claim 18025,

   a) the tax and interest for periods prior to April 23, 2020 would not be a priority claim pursuant to 11 U.S.C. § 507(a)(8) because these periods are more than three years before the date of the filing of the Petition and, accordingly, these amounts totaling approximately $3,606,752 should be reclassified as a general unsecured claim; and

   b) the Plan Administrator believes that the amounts due for the periods included in Claim 18025 were paid by the Debtors and therefore no tax, interest or penalty is owed.

35. With respect to Claim 18024,

   a) the tax and interest for the period ending 2/28/2017 is not a priority claim pursuant to 11 U.S.C. § 507(a)(8) because these periods are more than three years before the date of the filing of the Petition and, accordingly, these amounts totaling approximately $836,411 should be reclassified as a general unsecured claim;

   b) the Plan Administrators believes that the amounts due for tax and interest for the period ending 2/28/2017 were paid through the Debtors' consolidated franchise tax return filed with the Board; and

   c) the Debtors are not responsible for the tax assessed for the period ending 2/28/2024 because the Debtors sold OKL in 2020.

36. With respect to Claim 19420,

   a) no supporting documentation was provided with the Claim for the amounts shown as due for the periods ending 2/28/2021 and 2/28/2023 and the Plan Administrator believes these amounts have been paid; and

   b) there is no tax due for the period ending 2/28/2024 because the Debtors closed all stores and ceased operations in California no later than July 31, 2023.

37. With respect to Claim 18022,

      a)      no supporting documentation was provided with the Claim for the amounts shown as due for the period ending 2/28/2021 and the Plan Administrator believes that no amounts are owed for this period; and

      b)      there is no tax due for the period ending 2/28/2024 because the Debtors closed all stores and ceased operations in California no later than July 31, 2023.

38. With respect to Claim 18035, there is no tax due for the period ending 2/28/2024 because the Debtors closed all stores and ceased operations in California no later than July 31, 2023.

39. With respect to the Duplicate Claims, the Board filed multiple proofs of claim representing a single obligation of the Debtors. As such, the Duplicate Claims are not enforceable against the Debtors or their property and should be disallowed.

## Count II
### (Objection to Sales and Use Tax Claims)

40. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

41. This is an objection to Claims 12739, 13242, 16482, 20021 (collectively, the "Sales and Use Tax Claims") filed by the Department pursuant to 11 U.S.C. § 502(a) and a request for a determination of the sales and use tax actually owed to the Department pursuant to 11 U.S.C. § 505.

42. With respect to Claim 12739, the Department issued a notice of Preliminary Audit Results on June 14, 2024 that stated that the actual tax owed by BBBYCF for the period of August 1, 2016 through June 30, 2020 was $319,074 rather than the $6,557,224 stated in the Claim. Accordingly, Claim 12739 should be reduced to a maximum of $319,074, plus interest only through the Petition Date.

43. With respect to Claim 13242 for tax of $1,910,899.32 for the period of April 1, 2023 to April 22, 2023, the Debtors paid this amount by payments made on May 23, 2023, June 23, 2023 and July 21, 2023 and therefore Claim 13242 has been paid.

44. With respect to Claim 16482, the Debtors' books and records reflect that they paid the tax due for this period on time and therefore no interest is due and Claim 16482 should be disallowed in its entirety.

45. With respect to Claim 20021, the Debtors' books and records reflect that they paid the tax due for this period and therefore Claim 20021 should be disallowed in its entirety.

### Count III
### (Turnover of Overpayments)

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 31 above as if fully set forth herein.

47. The Board is in possession of the Overpayments.

48. The Overpayments are property of the Debtors' estate under § 541.

49. The Overpayments constitute debts that the Board owes to the Debtors that are property of the estate and that are matured, payable on demand, or payable on order.

50. The Defendants have indicated that they intend to use the Overpayments as a setoff against the Franchise Tax Claims and/or the Sales and Use Tax Claims.

51. If not for the Overpayments, the Franchise Tax Claims and the Sales and Use Tax Claims would ordinarily be paid as unsecured tax claims and/or Priority Tax Claims pursuant to the Plan and Confirmation Order.

52. The Plan provides for payment of Priority Tax Claims from the Combined Reserve which consists of the collapsed Priority Claims Reserve and Wind-Down Reserve created pursuant to the Final Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, (B) Utilize

Cash Collateral, (II) Granting Liens and Superpriority Administrative Expense Claims, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay and (V) Granting Related Relief (Doc. 729) (the "<u>Final DIP Order</u>").

53. Pursuant to the Final DIP Order, the Priority Claims Reserve consists of a $10 million reserve to be used to pay Chapter 11 administrative expense claims and Priority Tax Claims.

54. Pursuant to the Order (I) Authorizing the Settlement of Ad Valorem Tax Claims of Texas Taxing Authorities, (II) Authorizing the Use of $2.8 Million Set Aside to Satisfy Claims of Texas Taxing Authorities, and (III) Granting Related Relief (Doc. 2954), $2.8 million of the Priority Claims Reserve was used to pay Texas ad valorem tax claims, leaving $7.2 million in the Priority Claims Reserve.

55. While the Plan Administrator is still in the process of filing objections to many of the Priority Tax Claims, the Plan Administrator does not believe there will be sufficient funds in the Priority Claims Reserve to fully pay all Chapter 11 administrative expense claims and Priority Tax Claims in full.

56. Under 11 U.S.C. § 553, the application of setoff is permissive and is within the equitable discretion of the Court.

57. If the Defendants were permitted to use the Overpayments to set off against the Franchise Tax Claims and/or the Sales and Use Tax Claims, the Defendants would be receiving significantly more than other similarly situated Priority and Unsecured Tax Claimants.

58. Such use of setoff would not be consistent with the purposes of the Bankruptcy Code as a whole.

59. Accordingly, pursuant to § 542, the Board should be compelled to turn over the Overpayment to the Debtors.

**Prayer for Relief**

WHEREFORE, Michael Goldberg, in his capacity as Plan Administrator respectfully requests and prays that the Court:

i. Pursuant to Count I, enter judgment disallowing the Franchise Tax Claims;

ii. Pursuant to Count II, enter judgment disallowing the Sales and Use Tax Claims;

iii. enter judgment compelling the Board to turn over the Overpayments, plus interest at the statutory rate;

iv. Award Plaintiff costs, and expenses of this suit; and

v. Grant the Plaintiff such other and further relief the Court deems just.

Dated: April 23, 2025

*/s/ Colin R. Robinson*
Bradford J. Sandler, Esq.
Paul J. Labov, Esq.
Colin R. Robinson, Esq.
**PACHULSKI STANG ZIEHL & JONES LLP**
780 Third Avenue, 34th Floor
New York, NY 10017
Telephone:    (212) 561-7700
Facsimile:    (212) 561-7777
Email:    bsandler@pszjlaw.com
plabov@pszjlaw.com
crobinson@pszjlaw.com

and

80981552;2

Peter O. Larsen (*pro hac vice* admission pending)
Raye Elliott (*pro hac vice* admission pending)
**AKERMAN LLP**
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone:	(904) 798-3700
Facsimile:	(904) 798-3730
Email:	peter.larsen@akerman.com
	raye.elliott@akerman.com

Counsel to the Plan Administrator

14

80981552;2